# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia Elmore,<br>    Claimant,<br>vs.<br>National Indemnity Company,<br>    Respondent. | No. CV-10-0405-TUC-CKJ-DTF<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Claimant's Application for Judgment Confirming Arbitration Award and Respondent's Opposition to Arbitration Award and Application to Vacate or Modify Arbitration Award, which are fully briefed. (Doc. 1-1 at 1; Docs. 30, 38-40.) Pursuant to the Rules of Practice in this Court, the matter was assigned to Magistrate Judge Ferraro for a report and recommendation. The Magistrate recommends the District Court, after its independent review of the record, deny entry of judgment.

**FACTUAL AND PROCEDURAL HISTORY**

Claimant Cynthia Elmore was injured in a car accident involving one or two uninsured motorists on November 14, 2004, at which time Respondent provided insurance coverage to Claimant's employer for whom she was driving at the time. Claimant made a damages claim under the uninsured motorists endorsement of the policy, the limit of which was $300,000. Because the parties disagreed on fault for the accident, they agreed to engage in arbitration.

Under the insurance policy, the arbitrators were empowered to decide the amount of damages suffered by the insured and whether those damages were recoverable from an uninsured motorist. (Doc. 38, Ex. 4.) Any dispute regarding coverage under the policy was

1 not subject to arbitration. (*Id.*) On May 20, 2010, the Majority Arbitration Award found that 2 Claimant (the insured) was damaged in the amount of $3 million and an uninsured vehicle(s) 3 was 90% at fault for causing those damages. (Doc. 38, Ex. 3.) After the arbitration, 4 Respondent (the insurer) paid out the $300,000 uninsured motorist policy limit to Claimant. 5 (Doc. 1-1 at 1; Doc. 30, Ex. D.)

6 On June 18, 2010, Claimant filed an Application for Judgment Confirming Arbitration 7 Award against Respondent in the Pima County Superior Court. (Doc. 1-1.) The Application 8 requested that the court enter a judgment of $2.7 million against Respondent, in confirmation 9 of the arbitration award. On June 22, 2010, the superior court entered the requested 10 judgment. (Doc. 9, Ex. 4.) On July 2, 2010, Respondent removed the action to this Court. 11 (Doc. 1.) Respondent concurrently filed a motion to set aside the judgment, because the court 12 entered it prior to the running of Respondent's statutory 20-day period to object. The motion 13 to set aside judgment was granted with Claimant's consent. (Docs. 28, 29.)

14 The parties fully briefed the application and opposition. (Docs. 30, 38, 39.) More than 15 two months later, on February 28, 2011, Respondent filed a supplemental brief. (Doc. 40.) 16 Although Respondent did not have permission for a supplement, on March 15, 2011, the 17 Court ordered the parties to file supplemental briefs on the issues therein. (Doc. 42.)

18 Both parties filed the requested supplemental briefs. (Docs. 44, 48.) Claimant then 19 requested leave to respond to Respondent's supplemental brief, to address the insurance 20 company's request for costs and attorneys' fees. (Doc. 50.) The Court granted the request 21 (Doc. 53), and the parties filed the allowed additional briefs (Docs. 55, 57).

22 **DISCUSSION**

23 Under the governing Arizona statutes, a party seeking to confirm an arbitration award 24 files an application in court, serving it upon the party against whom the award was made. 25 A.R.S. § 12-1511. The court shall enter the judgment if there is no opposition. *Id.* Upon 26 opposition, the court shall decline the award if there was corruption or fraud; an arbitrator 27 was partial or corrupt, or there was misconduct; the arbitrators acted beyond their powers;

28

the arbitrators prejudiced the rights of a party in the conduct of the hearing; or there was not an adversarial arbitration proceeding pursuant to an arbitration agreement. A.R.S. § 12-1512.

Respondent opposes confirmation of the arbitration award because it alleges the neutral arbitrator had an undisclosed financial, business and personal relationship with Claimant's arbitrator; the award is beyond the insurance policy limit; and Respondent has already paid out the policy limit. Additionally, Respondent requests that it be awarded attorneys' fees and costs for this proceeding. Claimant contends the arbitrator was not partial and the arbitration was not limited to an award within the policy limits.

**Request for Judgment**

In its February 28 supplemental filing, Respondent argued that the Court should not enter any judgment against it because the arbitration panel did not determine that Respondent owed under the policy for any of the damages Claimant suffered. (Doc. 40.) The Court set forth certain facts and ordered additional briefing on this argument:

> Under the insurance policy, the arbitrators were empowered to decide the amount of damages suffered by the insured and whether those damages were recoverable from an uninsured motorist. (Doc. 38, Ex. 4.) Any dispute regarding coverage under the policy was not subject to arbitration. (*Id.*) As pointed out by Respondent, the arbitration panel resolved the two specific issues it was authorized to decide under the policy, damages and fault. (Doc. 40 at 2.) The issue of whether the insurance company was responsible to pay the insured any portion of those damages was not before the panel and was not determined.
>
> In light of the above discussion, Claimant should explain the grounds for the Court to enter a judgment against Respondent for $2.7 million ($300,000 of which has been satisfied) based on an arbitration award that did not determine the insurer's liability. Claimant also should provide legal and factual support for its contention that the Court can enter a judgment against Respondent in excess of the policy limits. Further, she should identify the basis for the Court to enter a judgment when the policy limits have been tendered by Respondent.

(Doc. 42 at 2.)

In response to the Court's order, Claimant agreed that the arbitrators resolved only the issue of fault and damages and did not address insurance coverage. (Doc. 44.) Claimant, therefore, conceded that her proposed judgment was flawed because she was not entitled to a "money judgment **directly** against National Indemnity Company." (*Id.* at 1.) Further, she

stated that whether Respondent owed anything beyond the $300,000 limit was an issue to be resolved in subsequent litigation. (*Id.* at 2.) Regardless, Claimant argued that she was entitled to have the arbitration award confirmed in a judgment, pursuant to A.R.S. § 12-1511. Claimant's proposed judgment reads as follows:

> Claimant, pursuant to A.R.S. § 12-1514, having filed an Application for Judgment confirming an Arbitration Award dated May 20, 2010, and good cause existing,
>
> IT IS HEREBY ORDERED confirming the Arbitration Award and, accordingly, JUDGMENT is hereby entered in favor of Claimant Cynthia Elmore and against Respondent National Indemnity Insurance Company as follows:
>
> 1. Claimant's motor vehicle collision on November 15, 2004, was proximately caused by one or more uninsured motorists.
>
> 2. Ninety percent of the fault for causing the collision is attributable to the negligence of the uninsured motorist(s).
>
> 3. Claimant's collision-related damages total three million dollars. The amount of the damages attributable to the uninsured motorist(s) is two million seven hundred thousand dollars.
>
> 4. Claimant would be entitled to a judgment against the uninsured motorist(s) for 90% of the interest on her collision-related health care expenses, which total $705,733.37, at the rate of 10% per year from the dates incurred until paid.[1]
>
> 5. A copy of the Arbitration Award is attached to this Judgment and incorporated by reference.
>
> IT IS FURTHER ORDERED that judgment is entered in favor of claimant and against Respondent in the amount of taxable costs incurred with respect to this arbitration matter.

(Doc. 45.)

Claimant has failed to demonstrate entitlement to the new proposed judgment. Claimant made a demand under the insurance policy, the parties arbitrated their dispute

---

[1] The arbitration award does not delineate Claimant's health care expenses arising from the accident, nor does it award interest. (Doc. 38, Ex. 3.) Thus, there is no legal basis for including paragraph 4 in the proposed judgment. *See Creative Builders, Inc. v. Avenue Dev., Inc.*, 715 P.2d 308, 312-13, 148 Ariz. 452, 456-57 (Ct. App. 1986). Respondent raised this argument in its opposition and a supplemental brief (Doc. 30 at 5 n.3; Doc. 48 at 3), to which Claimant did not respond.

- 4 -

1  regarding damages, and based on the findings of the arbitrators Respondent paid its policy
2  limits to Claimant. Because Claimant concedes that Respondent owes her nothing at this
3  time, there is no basis for a judgment. *See* Fed. R. Civ. P. 54(c) ("[F]inal judgment should
4  grant the relief to which each party is entitled."). Once a judgment is entered pursuant to the
5  statute, it is enforceable like any judgment. A.R.S. § 12-1514. Here, however, there is
6  nothing from the award to enforce. Claimant's application amounts to a request for the Court
7  to assist her in future litigation that was not the subject of the arbitration.[2] (*See* Docs. 38 at
8  4, 44 at 2.)

9        The basis for declining Claimant's request does not fit squarely within the parameters
10 set forth in A.R.S. § 12-1512. However, even if there had been no opposition, there is no
11 § 12-1511 "award" against Respondent to confirm. Admittedly, the insurance company lost
12 the factual dispute that was the subject of the arbitration but no relief was granted by the
13 arbitrators. Section 12-1511 does not provide for confirmation of factual findings.
14 Additionally, Respondent satisfied Claimant's demand by paying the policy limits. Despite
15 the Court's order for supplemental briefing, Claimant provided no legal basis for the Court
16 to enter a judgment after Respondent tendered the policy limits. The Court finds no grounds
17 for such a judgment and recommends that the District Court decline to enter it.[3]

---

[2] To the extent the arbitrator's fact findings are relevant to a future dispute, the insurance policy provides that an arbitration decision is binding on the parties; that provision does not rely upon the findings being reduced to a judgment. (Doc. 30-1 at 26.)

[3] Because the Court finds no basis for a judgment, it does not reach Respondent's argument that the neutral arbitrator Barry Schneider was biased based on his relationship with Claimant's arbitrator McGovern. However, the Court reviewed the essentially undisputed factual basis for that argument: in three of McGovern's cases in which he represented a plaintiff, Schneider was suggested as a mediator by defense counsel and jointly retained to mediate by McGovern and defense counsel; and, in the last decade, Schneider attended, along with several hundred people, one or two parties hosted by a law firm at McGovern's home and exchanged a brief greeting. (Doc. 30, Ex. B; Doc. 38, Ex. 1.) These facts, which do not evidence any relationship between Schneider and Claimant, do not demonstrate evident partiality by Schneider pursuant to A.R.S. § 12-1512(A)(2). *See Wages v. Smith Barney Harris Upham & Co.*, 188 Ariz. 525, 531-32, 937 P.2d 715, 721-22 (Ct.

**Attorney's Fees**

Respondent requests costs and fees from the confirmation process, based on A.R.S. § 12-1514, as well as §§ 12-341, 12-341.01(A), 12-342. Claimant opposes the award, arguing that a fee sanction is not warranted.

The only issue that has been briefed at this time by Claimant is whether fees are appropriate as a sanction. Respondents did not seek fees as a sanction, therefore, the issue of fees has not yet been fully addressed by the parties. The appropriate time to address a fee request is after judgment is entered. Fed. R. Civ. P. 54(d)(2). In accord with this rule, Respondent indicated its intent to file a motion for fees if it is the prevailing party at the end of this action. The Court recommends the issue of fees be addressed after the District Court makes a final decision on the motion to confirm award.

## RECOMMENDATION

Based on the foregoing, the Magistrate Judge recommends that the District Court DENY Claimant's Application for Judgment Confirming Arbitration Award.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV 10-0405-TUC-CKJ**.

DATED this 7th day of June, 2011.



D. Thomas Ferraro
United States Magistrate Judge

---

App. 1997) (assessing, for evident partiality, whether a reasonable person would conclude an arbitrator was partial to one party or another) (citing *Commonwealth Coatings Corp. v. Cont'l Cas. Co.*, 393 U.S. 145 (1968)).

- 6 -