IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CYNTHIA ELMORE, ) | No. CV-10-405-TUC-CKJ |
| ) | |
| Claimant, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| ) | |
| NATIONAL INDEMNITY COMPANY, ) | |
| ) | |
| Respondent. ) | |

On June 7, 2011, Magistrate Judge Thomas D. Ferraro issued a Report and Recommendation [Doc. 58] in which he recommended that Claimant's Application for Judgment Confirming Arbitration Award [Doc. 1] be denied. On June 23, 2011, Claimant filed her Rule 72(B)(2) F.R.C.P. Objections to the Magistrate's Proposed Findings and Recommendation [Doc. 63]. The Parties filed a Stipulation for Extension of Time to File Response to Claimant's Rule 72(B)(2) F.R.C.P. Objections to the Magistrate's Proposed Findings and Recommendations [Doc. 64]. Respondent subsequently filed its Response to Claimant's Rule 72(B)(2) F.R.C.P. Objections to the Magistrate's Proposed Findings and Recommendations [Doc. 65].

. . .

. . .

. . .

. . .

*Magistrate Judge's Recitation of the Procedural and Factual History*

No objections having been made to the magistrate judge's recitation of the procedural and factual history, the Court adopts those recitations.

*Analysis*

The parties submitted to binding arbitration pursuant to the insurance policy. Upon removal to this Court, Respondent sought to have the award vacated in light of undisclosed prejudice on the part of one of the arbitrators or, in the alternative, because it had paid policy limits to Claimant and thereby in its view there was nothing left to award.

    1. Bias of Neutral Arbitrator

The magistrate judge declined to reach the issue of arbitrator bias; however, noted that his review of the documents filed by the parties did not support a finding of evident partiality by neutral arbitrator Barry Schneider. The parties have not objected to this finding, and the District Court concurs with the magistrate judge's findings in this regard. *See Wages v. Smith Barney Harris Upham & Co.*, 188 Ariz. 525, 937 P.2d 715 (Ariz. Ct. App. 1997).

    2. Arbitration Award and Judgment

The magistrate judge determined that judgment should not be entered in light of Respondent's payment of policy limits. Claimant objects to the magistrate judge's refusal to confirm the arbitration award asserting that his decision contravenes Arizona law and deprives Claimant of the right of having the arbitration award confirmed by the Court. Upon its independent review, the Court agrees with Claimant.

    *a. The Policy*

The uninsured motorist ("UM") policy endorsement's arbitration clause provides:

> (1) If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", then the matter may be arbitrated. However, disputes concerning coverage under this endorsement may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each

       party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

       (2) Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives.  Local rules of law as to arbitration procedure and evidence will apply.  A decision agreed to by two of the arbitrators will be binding.

Resp.'s Opp. to Arb. Award and App. to Vacate or Modify Arb. Award [Doc. 30], National Indemnity Company ("NIC") Policy to Acclaim VIP Transportation ("the Policy"), Exh. "A" at 23.  It is undisputed that under the Policy, the UM limits for a single incident are $300,000.00.  *See id.* at 17.  As such, the limit on Respondent's liability arising from the adverse arbitration ruling is $300,00.00.  *State Farm Mut. Auto. Ins. Co. v. Paynter*, 122 Ariz. 198, 205, 593 P.2d 948, 955 (Ariz. Ct. App. 1979) (insurer's liability confined to the limits of the policy).

       *b.  The Arbitration*

       The parties submitted the following issues for arbitration:  (1) Whether the collision was caused by the negligence of one or more uninsured motorists; (2) If so, whether there was any contributory negligence by Claimant; (3) Allocation of fault on the part of any uninsured motorist and any fault on the part of Claimant; and (4) Claimant's total damages.  Claimant's Suppl. Brief in Resp. to Court Order Dated March 15, 2011 [Doc. 44] at 1.  After a hearing and review, the arbitration panel issued it's award in a 2-1 decision.  The panel determined that (1) the collision was caused by the negligence of uninsured vehicle(s); (2) there was contributory negligence by Claimant; (3) the allocation of fault was 90% on the part of the uninsured motorist(s) and 10% on the part of Claimant; and (4) Claimant's total damages are three million dollars ($3,000,000.00).  The parties did not submit information regarding policy limits and per the arbitration clause, the issue of coverage was not arbitrable.

. . .

. . .

. . .

- 3 -

*c. Confirmation of the Award*

When there is opposition to an arbitration award, Arizona law provides limited grounds for courts to decline confirmation. Section 12-1512(A), Arizona Revised Statutes, provides as follows:

> Upon filing of a pleading in opposition to an award, and upon an adequate showing in support thereof, the court shall decline to confirm and [sic] award and enter judgment thereon where:
>
>   1. The award was procured by corruption, fraud or other undue means;
>
>   2. There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;
>
>   3. The arbitrators exceeded their powers;
>
>   4. The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of § 12-1505, as to prejudice substantially the rights of a party; or
>
>   5. There was no arbitration agreement and the issue was not adversely determined in proceedings under § 12-1502 and the adverse party did not participate in the arbitration hearing without raising the objection; but the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

A.R.S. § 12-1512(A). Where an application to modify or correct has been made, Arizona law mandates that the court make such modification or correction to the arbitration award where:

>   1. There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;
>
>   2. The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or
>
>   3. The award is imperfect in a matter of form, not affecting the merits of the controversy.

A.R.S. § 12-1513(A).

Arbitration clauses such as the one in the Policy are routinely found in insurance contracts. In an UM arbitration, the arbitrators determine the total amount of damages

- 4 -

1 suffered by a claimant. During that arbitration, the UM policy limits are not disclosed to the
2 arbitrators prior to a damages determination. Furthermore, it is expected that the insurer will
3 be liable for only the policy limits, irrespective of the arbitrators' determination of damages.
4 *See Paynter*, 122 Ariz. at 205, 593 P.2d at 955 (Ariz. Ct. App. 1979) (insurer's liability
5 confined to the limits of the policy).

6       Here, there is no evidence that the award was procured by corruption, fraud or other
7 undue means. *See* A.R.S. § 12-1412(A)(1). As noted above, the Court finds that there is not
8 evidence of "evident partiality" by the neutral arbitrator nor was there corruption in any of
9 the arbitrators or misconduct prejudicing the rights of any party. *See* A.R.S. § 12-
10 1512(A)(2). Moreover, the arbitrators did not exceed their powers, nor did they refuse to
11 postpone the hearing or conduct it in a manner adversely affecting the rights of either party.
12 *See* A.R.S. § 12-1512(A)(3), (4). Lastly, the Policy contained an arbitration agreement, and
13 the issues were determined by the arbitrators in an adverse proceeding. *See* A.R.S. § 12-
14 1512(A)(5). Accordingly, none of the criteria have been met which allow this Court to refuse
15 to confirm the award.

16       This does not end the Court's inquiry, however. The evidence does not demonstrate
17 an evident miscalculation of figures or mistake in the description of any person, thing or
18 property referred to in the award, nor did the arbitrators award upon a matter not submitted
19 to them. *See* A.R.S. § 12-1513(A)(1), (2). Neither is the award imperfect in a matter of
20 form. *See* A.R.S. § 12-1513(A)(3). Accordingly, there is no basis for this Court to modify
21 or correct the arbitration award; however, Respondent cannot be held liable for more than
22 the contractually agreed upon policy limits. Therefore, the Court finds it appropriate to
23 confirm the arbitration award, but judgment *and* satisfaction of that judgment shall be entered
24 in the amount of three hundred thousand dollars ($300,000.00). *See Vogt v. Liberty Mutual*
25 *Ins. Co.*, 900 A.2d 912, 922 (Pa. Super. Ct. 2006) (Joyce, J., concurring). At this time,
26 Respondent owes nothing further than that which it has already paid, and as such is entitled
27 to relief from judgment. *See* Fed. R. Civ. P. 60(b)(5).

28

Accordingly, after an independent review of the pleadings, exhibits and transcript, IT IS HEREBY ORDERED that:

1) The Report and Recommendation [Doc. 58] is REJECTED in part. The Court CONFIRMS the May 20, 2010 Arbitration Award. Judgment and Satisfaction thereof is entered against Respondent NIC in the amount of three hundred thousand dollars ($300,000.00). Regarding the issues before this Court, Respondent has fulfilled its obligations under the policy. The remainder of the Report and Recommendation [Doc. 58] is ADOPTED.

DATED this 21st day of March, 2012.

_____
Cindy K. Jorgenson
United States District Judge